IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GLAVIC, | ) | CASE NO. 1:05-cv-02258 |
| Petitioner, | ) ) | |
| v. | ) ) | MAGISTRATE JUDGE NANCY A. VECCHIARELLI |
| BOBBY, | ) ) | |
| Respondent. | ) | ORDER |

Petitioner, Alan Glavic, ("Glavic") filed two motions for an evidentiary hearing. (Doc. Nos. 11 and 16). For the reasons set forth below, these motions are DENIED.

In his motions, Glavic requests an evidentiary hearing to prove numerous legal theories set forth in his petition and traverse. However, Glavic fails to assert that the discovery of any new facts is required to prove these alleged falsehoods. The purpose of an evidentiary hearing is to resolve issues of fact, not to merely reargue legal theories already advanced in the briefs. Because Glavic seeks only further legal debate, an evidentiary hearing is inappropriate.

Further, a petitioner is not entitled to an evidentiary hearing in a federal habeas corpus proceeding to develop facts which should have been developed in state court by the petitioner, absent a showing (1) cause for his failure to develop the facts in state-court proceedings and actual prejudice resulting from that failure or (2) that a fundamental miscarriage of justice would result from failure to hold a federal evidentiary hearing. *Mitchell v. Rees*, 114 F.3d 571, 577 (6th

Cir. 1997). In the present case, Glavic fails to assert to assert any cause for his failure to develop a factual record in State courts. Moreover, although Glavic asserts that he can demonstrate "factual, actual and legal innocence," he provides no facts or claims supporting this assertion and, thus, provides the Court with no basis finding of a miscarriage of justice. Because of this failing, Glavic is not entitled to an evidentiary hearing.

Therefore, Glavic's motions for an evidentiary hearing are DENIED.

IT IS SO ORDERED.

s/ *Nancy A. Vecchiarelli*
Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: June 1, 2006