IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
                                                      :
ALAN GLAVIC,                                          :
                                                      : CASE NO.  1:05 CV 2258
                              Petitioner,             :
                                                      :
             -vs-                                     : ORDER & OPINION ADOPTING
                                                      : REPORT AND RECOMMENDATION
DAVID BOBBY, Warden,                                  : AND DENYING PETITION FOR WRIT
                                                      : OF HABEAS CORPUS
                              Respondent.             :

------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Pro se petitioner Alan Glavic ("Mr. Glavic") brings a habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction in the case of State v. Glavic, Lake County Common Pleas Case No. 01-CR-58.  (Docket No. 1).  On 22 February 2006, the respondent filed a Return of Writ in response to Mr. Glavic's petition (Docket No. 14), and Mr. Glavic filed a traverse on 10 March 2006.  (Docket No. 15).  This matter was referred to United States Magistrate Judge Nancy Vecchiarelli for Report and Recommendation ("R&R"), and the Magistrate Judge issued an R&R on 29 March 2007, recommending a denial of Mr. Glavic's petition.  (Docket Nos. 8, 21).  Mr. Glavic filed timely objections to the R&R on 10 April 2007.  (Docket No. 23).

Under Fed. R. Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(c), this court reviews de novo the portion of the Magistrate Judge's R&R to which specific objection was made.  Upon review this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

For the reasons set forth below, the Court will adopt the R&R and deny Mr. Glavic's petition.

## I. BACKGROUND

On 11 May 2001, a Lake County, Ohio grand jury indicted Mr. Glavic on multiple state criminal charges including engaging in a pattern of corrupt activity, breaking and entering, tampering with evidence, grand theft, misuse of credit cards, forgery, receiving stolen property, grand theft of a motor vehicle, vandalism, disrupting public services, and possession of criminal tools.  (Docket No. 14, Ex. 1A-1C).  Mr. Glavic pled not guilty to all the charges, and the case proceeded to a jury trial in the Lake County Court of Common Pleas on 24 July 2001.

The following facts as summarized by the Eleventh District of the Ohio Court of Appeals are relevant to the resolution of this matter:

> From late December 2000 through March 2001, [Mr. Glavic] engaged in a string of breaking and entering along with other criminal conduct in Lake County and other surrounding counties.  The testimony revealed that large quantities of cigarettes, cigarette rolling papers, audio equipment, and pornographic magazines were stolen from area stores. * * * The testimony further revealed that at some of the stores, telephone wires were cut outside and that rocks or bricks were thrown through glass windows or doors to gain entry into the stores.  [Mr. Glavic] admitted some involvement to the police, but he claimed he did not participate in a criminal business enterprise.
> Detective Barry Witt ("Detective Witt") of the city of Willowick Police Department testified that he investigated break-ins at a couple stores [sic] in Willowick.  He obtained information from a confidential informant that Shawn Dercole ("Dercole") had "hundreds of cartons of name brand cigarettes for sale." A search warrant was executed for Dercole's apartment and several items were seized, which included pieces of paper with different phone numbers and addresses, a price list of cigarettes and the number of cigarettes sold by Dercole, numerous packages of cigarette rolling paper, several pornographic magazines, and cartons of cigarettes.

> \* \* \*
> During the trial, Dercole related that he and appellant were friends and that he felt bad about testifying against appellant. Dercole confirmed that he was not a smoker. He further revealed that [Mr. Glavic] visited his apartment numerous times in early January 2001, and brought a number of cigarette cartons, pornographic materials, and rolling papers with him. According to Dercole, [Mr. Glavic] told him that he had a buyer for the cigarettes, but the buyer backed out, so Dercole volunteered to sell them. As a result, Dercole was to retain a portion of the proceeds from any sale that occurred and the remainder was to be given to [Mr. Glavic].
> There was also testimony from Sergeant Anthony Iliano ("Sergeant Iliano") of the Lake County Sheriff's Department that he had still photographs printed from the VCR surveillance tape of the Speedway in Perry Township... The photos...showed an individual breaking the window with a shovel. Sergeant Iliano opined that after viewing the photos [sic], the individual contained in them was [Mr. Glavic]. Furthermore, Sergeant Iliano testified that the shoe prints at the crime scenes matched a pair of shoes that was obtained from [Mr. Glavic's] apartment.
> Joseph Walters ("Walters"), a fellow inmate of appellant's at the Lake County Jail, testified that he had known [Mr. Glavic] for six years. He stated that while and he and [Mr. Glavic] were in jail, [Mr. Glavic] told him about "some merchandise that was from a business that he needed to get rid of and [Mr. Glavic asked Walters] where to get rid of some items." Specifically, the merchandise consisted of stereo equipment and cigarettes. [Mr. Glavic] explained to Walters the manner in which he had acquired the items. Specifically, [Mr. Glavic] told Walters that he "cut the phone lines and broke the back door in." According to Walters, [Mr. Glavic] also revealed that "he threw stuff into the place to make sure the alarm didn't trip, and that they loaded stuff into a van."
> Walters mentioned that [Mr. Glavic] told him about an individual by the name of Lance Watson ("Watson"). Walters' testimony revealed that Watson helped appellant make bail by selling some sound equipment and cigarettes. [Mr. Glavic] informed Walters that Watson "was his partner and that they [had] been doing numerous jobs around the area." [Mr. Glavic] told Walters that he and Watson attempted to get into a safe at a gas station, but they were unsuccessful. According to Watson, [Mr. Glavic] indicated that some of the merchandise from the break-ins was located at his Eastlake residence.

(Docket No. 14 Exhibit 23).

The jury found Mr. Glavic guilty of one count of engaging in a pattern of corrupt activity, nine counts of breaking and entering, four counts of theft, one count of tampering with evidence, one count of forgery, one count of receiving stolen property,

3

two counts of grand theft, two counts of vandalism, three counts of disrupting public services, and one count of possession of criminal tools. (Docket No. 14, Ex. 4). Mr. Glavic was sentenced to a term of fifteen years in prison, including a nine year sentence for engaging in a pattern of corrupt activity to be served consecutively to the other prison terms. (Docket No. 14, Ex. 10).

The petitioner appealed his conviction to the Ohio Court of Appeals on 5 October 2001. (Docket No. 14, Exhibits 11,12). He asserted the following grounds for appeal: (1) his convictions for engaging in a pattern of corrupt activity, breaking and entering, and grand theft auto were against the manifest weight of the evidence; (2) the trial court erred when it ordered consecutive sentences; (3) the trial court erred in its assessment of costs; and (4) the trial court abused its discretion by denying the appellant's motion to sever the charges. (Docket No. 14, Exhibits 14A, 14B, 20). On 22 December 2003, the Court of Appeals affirmed the trial court's judgment. (Docket No.14, Ex. 23).

On 3 March 2004, Mr. Glavic appealed to the Ohio Supreme Court. (Docket No. 14, Exhibits 34 & 35). He asserted three grounds for this appeal: (1) his conviction for engaging in a pattern of corrupt activity was against the manifest weight of the evidence, (2) he was denied due process of law when the state named unindicted co-defendant's in his indictment, and (3) the trial court erred in assessing costs to an indigent defendant. (Docket No. 14, Ex. 36). The Ohio Supreme Court heard Mr. Glavic's appeal on his third ground for relief, the assessment of costs to an indigent defendant, but affirmed the judgment of the Court of Appeals. (Docket No. 14, Ex.38).

On 26 September 2005, having exhausted his available remedies in the state system, Mr. Glavic filed a petition for a writ of habeas corpus and amended the petition

4

on 3 February 2006[1]. (Docket Nos. 1, 13).  His petition asserts the following grounds for relief: (1) denial of due process when the state named unindicted co-defendants in his indictment; (2) improper assessment of costs to an indigent defendant; (3) conviction for engaging in a pattern of corrupt activity was not supported by sufficient evidence; (4) ineffective assistance of trial counsel; (5) ineffective assistance of appellate counsel; (6) prosecutorial misconduct and the withholding of exculpatory evidence; (7) lack of subject matter jurisdiction; and (8) prohibition from asserting claims of legal and factual innocence.  (Docket Nos. 1, 13).

## II. REPORT AND RECOMMENDATION

Magistrate Judge Vecchiarelli recommended that this Court deny Mr. Glavic's petition.  The Magistrate Judge advised that Mr. Glavic procedurally defaulted on his claims of ineffective assistance of trial counsel, prosecutorial misconduct, and prohibition from asserting claims of legal and factual innocence.  She reasoned that because he did not show cause for his failure to present these claims when they were available to him on direct appeal, Mr. Glavic was barred from raising them in his habeas petition before this Court. (Docket No. 21 pp. 8-14).

The Magistrate Judge further advised that Mr. Glavic's claim of ineffective assistance of appellate counsel should fail because he did not show with reasonable probability that had his appellate attorney raised the alleged error of ineffective

---

[1] Mr. Glavic's "Amended Petition" supplements, rather than replaces, his original habeas petition.  Hereinafter, the Court refers to the petition (Docket No. 1) and the "amended petition" (Docket No. 13) collectively as the "petition."

assistance of trial counsel, his appeal would have resulted differently. Id. at 17.

The Magistrate Judge also recommended that petitioner's claims of denial of due process, improper assessment of costs, and lack of subject matter jurisdiction over his conviction for engaging in a pattern of corrupt activity were not cognizable upon a habeas review because they do not sufficiently allege constitutional violations committed by the state. (Docket No. 21 pp. 21-26).

Finally, the Magistrate Judge advised that Mr. Glavic's claim of insufficient evidence fails because the record reasonably supported a finding of guilt beyond a reasonable doubt. Id. at 26-31.

Mr. Glavic objected to the R&R on the grounds that Magistrate Judge Vecchiarelli erroneously recommended that -

> (1) his claims of ineffective assistance of trial counsel, prosecutorial misconduct, and prohibition from asserting claims of legal and actual innocence were procedurally barred;
>
> (2) this Court deny his claim of ineffective assistance of appellate counsel, because his appellate attorney failed to raise on appeal a claim of prosecutorial misconduct for suppressing exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963); and
>
> (3) this Court deny Mr. Glavic's claim of insufficient evidence.

(Docket No. 23). With respect to his third ground for relief, Mr. Glavic requests this Court to hold an evidentiary hearing to develop facts which are, allegedly, exculpatory. Id.

6

### III.  STANDARD OF REVIEW

Federal habeas corpus law permits federal courts to entertain petitions on behalf of a person "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  This Court's consideration of the merits of Mr. Glavic's petition is governed primarily by 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  A federal court may grant a writ of habeas corpus if a state court adjudication resulted in a decision that was either contrary to established federal law or involved an unreasonable application of established federal law.  28 U.S.C. §2254(d)(1); Williams v.Taylor, 529 U.S. 362, 370 (2000).

### IV.  LAW AND ANALYSIS

**A. Procedural Default**

Mr. Glavic objects to the R&R's recommendation that his claims of ineffective assistance of trial counsel, prosecutorial misconduct, and a prohibition from asserting the defenses of actual and legal innocence are procedurally barred because, "he never failed to demonstrate 'cause' for the failure to follow procedural rules." (Docket No. 23)

A habeas petitioner procedurally defaults when he brings a constitutional claim that he failed to raise on direct appeal or in any post-conviction proceeding, where the claim was at the time available to him. Norris v. Schotten, 146 F.3d 314, 332 (6th Cir.1998).  However, where the petitioner can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error, then he is not

foreclosed from asserting the claim.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

On direct appeal, Mr. Glavic did not raise the claims of ineffective assistance of trial counsel, prosecutorial misconduct, or prohibition from asserting the defenses of actual and legal innocence.  (Docket No. 14, Exhibits 14A, 14B, 20).  He offers no substantive reason for this failure, but instead summarily states that he has demonstrated cause for his procedural error.  (Docket No. 23 p.2).  Because Mr. Glavic fails to meet his burden of demonstrating cause for his failure to raise ineffective assistance of trial counsel, prosecutorial misconduct, and a prohibition from asserting the defenses of actual and legal innocence on appeal, these claims are procedurally defaulted.

**B. Ineffective Assistance of Appellate Counsel**

Mr. Glavic next objects to the R&R's recommendation that this Court deny his claim of ineffective assistance of appellate counsel.  He argues that his appellate counsel's failure to argue a Brady violation, that is, the government's improper suppression of exculpatory evidence, amounted to ineffective assistance of appellate counsel.  Specifically, Mr. Glavic contends his appellate counsel failed to raise on appeal that the government improperly suppressed testimony by Shawn Dercole ("Mr. Dercole"), given in a municipal court proceeding, that would exonerate Mr. Glavic of the charge of engaging in a pattern of corrupt activity:  (Docket No. 23).  The pertinent part of Mr. Dercole's testimony is as follows:

> Q: So this akin to a joint venture?
> [Mr. Dercole]: Yes, he gave me a small portion of the money if I sold the cigarettes, which I did.
> Q: Okay, and [Mr. Glavic] admitted and stated to you that the cigarettes had come from those three – or at least two locations that he apprised you of?

8

> [Mr. Dercole]: One location.
> Q: One location for sure?
> [Mr. Dercole]: The C-Store; that was it.
> Q: But he did indicate to you that as to the other store on Lake Shore Boulevard he had also broken into that, is that correct?
> [Mr. Dercole]: Yes.

(Docket No. 13, Exhibit C).

In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show that "there is reasonable probability that inclusion of the issue would have changed the result of the appeal." Howard v. Bouchard, 405 F.3d 459, 485 (6th Cir. 2005), citing Greer v. Mitchell, 264 F.3d 663 (6th Cir. 2001). Appellate counsel is not ineffective for failing to raise an issue that lacks merit. Willis v. Smith, 351 F.3d 741, 745 (6th Cir. 2003). Thus, in order to succeed on a claim of ineffective assistance of appellate counsel, Mr. Glavic must demonstrate that his Brady claim has merit[2].

In Brady v. Maryland, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). There are three elements of a Brady violation: (1) the evidence at issue must be favorable to the petitioner, either

---

[2]Mr. Glavic's claim that the government withheld exculpatory evidence, standing alone, is barred through procedural default without a showing of cause. As determined in the R&R, Mr. Glavic could and should have made this argument in state proceedings, and has not offered any reason why he did not. However, he has managed to shoehorn the Brady claim into a claim of ineffective assistance of appellate counsel, by arguing that appellate counsel was remiss in failing to raise it. This Court, in the interest of thoroughness, addresses it.

9

because it is exculpatory or impeaching, (2) the state must have suppressed the evidence, whether willfully or inadvertently, and (3) prejudice must have resulted. Strickler v. Greene, 527 U.S. 263, 281-282 (1999). The petitioner has the burden of demonstrating a Brady violation. Carter v. Bell, 218 F.3d 581, 601 (6th Cir. 2000).

Shawn Dercole's testimony is not exculpatory as to Mr. Glavic, and therefore fails the first element of the Brady test. If anything, Mr. Dercole's testimony that "he gave me a small portion of the money if I sold the cigarettes, which I did," further reinforces the jury's finding that Mr. Glavic was involved in the sort of enterprise necessary for a conviction of engaging in a pattern of corrupt activity. Furthermore, Mr. Dercole's testimony provides additional evidence that Mr. Glavic had committed two predicate acts of breaking and entering required for conviction. The testimony also fails to disturb the finding that the predicate acts were in furtherance of an enterprise to sell the items obtained in the break-ins.

As reported in the R&R, there is sufficient evidence on the record to prove beyond a reasonable doubt that Mr. Glavic's arrangement with Mr. Dercole qualifies as an enterprise, and that he had committed two or more predicate crimes in furtherance of the enterprise. (Docket No. 21 pp. 28-31). Mr. Dercole's testimony does not cast doubt on Magistrate Judge Vecchiarelli's recommendation.

Because Mr. Glavic has not demonstrated that his Brady claim has merit, his appellate counsel was not ineffective in failing to raise it. See Willis v. Smith, 351 F.3d 741, 745 (6th Cir. 2003).

**C. Insufficient Evidence and a Request for an Evidentiary Hearing**

Mr. Glavic disputes the sufficiency of the evidence and requests an evidentiary

hearing "to determine true facts which form the elements of charges against [him]." (Docket No. 23 p. 4).  He also cites various other conclusory grounds for which he believes a hearing should be granted, including ineffective assistance of counsel and prosecutorial misconduct. Id. at 4-5.

A petitioner who "failed to develop the factual basis of a claim in State court proceedings" may obtain an evidentiary hearing if he satisfies two statutory exceptions under 28 U.S.C. § 2254(e)(2):

> (A) the claim relies on—
>     (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense

Regardless of whether Mr. Glavic failed to develop the factual basis of his claim in the state court proceedings, he has not apprised this Court, nor is it aware of, any law or facts which might satisfy either of these exceptions.  Furthermore, as explained above, the development of the few facts to which Mr. Glavic has alerted the Court, namely, those elicited from the testimony of Shawn Dercole, could not possibly satisfy a "clear and convincing" standard.  Lastly, because the present record appears to be complete, allowing an evidentiary hearing at this point would be futile.  Mr. Glavic points to no fact that he could develop that would result in the granting of his petition. Therefore, the Court denies Mr. Glavic's request for an evidentiary hearing.

## V.  CONCLUSION

For the reasons set forth above this Court adopts the Magistrate Judge's recommendation.  Mr. Glavic's petition is dismissed.

The Court further certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

    /s/ Lesley Wells  
UNITED STATES DISTRICT JUDGE

Date:  29 June 2007